I concur in the majority's analysis and disposition of appellant's first and second assignments of error. However, I respectfully dissent from the majority's disposition of appellant's third assignment of error. R.C. 4301.632 prohibits any person under the age of twenty-one years to consume any beer or intoxicating liquor in any public or private place. "Intoxicating liquor" is defined in R.C. 4301.01 as "all liquids and compounds, other than beer * * * containing one-half of one percent or more of alcohol by volume which are fit to use for beverage purposes * * *." R.C. 4301.01(A)(1). "Beer" is defined to include "all brewed or fermented malt products containing one-half of one percent or more of alcohol by volume but not more than six percent of alcohol by weight." R.C. 4301.01(B)(2). In order to overrule appellant's Crim.R. 29 motion, the trial court had to find from the facts and circumstances of the case appellant had consumed either an intoxicating liquor or beer. In order to make this finding, the trial court had to rely on a number of inferences. Both officers testified to the presence of a "Bud Light" can in the vicinity of appellant at the time of his arrest. Because this was the only alcoholic beverage container the deputies saw, the trial court had to infer appellant had consumed the contents of that Bud Light can. This inference is tenuous at best because neither officer saw appellant in possession of the Bud Light can. Assuming, arguendo, the trial court made such an inference, the trial court then had to infer what was in the can with actually "Bud Light." From that inference, the trial court would also have had to infer the content of the Bud Light can was of a sufficient alcoholic content to meet the definitions of either intoxicating liquor or beer as set forth above. The Bud Light can was not entered into evidence. No one analyzed the contents of the can. Deputy Rutherford conceded the liquid in the Bud Light can could have been a reduced alcohol content beer. In the absence of evidence of alcoholic content, I find the trial court erred in failing to grant appellant's Crim.R. 29 motion.